IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 06-00159-01-CR-W-NKL |
| SHANNON DOUGLAS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On August 25, 2006, counsel for defendant Douglas filed a motion pursuant to 18 U.S.C. § 4241 for a determination of the mental competency of the defendant to stand trial. That motion was granted and, prior to holding a hearing to determine the mental competency of the defendant, the Court entered its Order pursuant to 18 U.S.C. § 4241(b) directing that a psychological or psychiatric examination of the defendant be conducted and that a psychological or psychiatric report be filed with the Court pursuant to 18 U.S.C. §§ 4247(b) and ©.

The Court has now received the psychological or psychiatric report of Dr. John H. Wisner, M.D. which concluded that:

> It is my professional opinion, with reasonable medical certainty, that Shannon L. Douglas does suffer from a limited mental defect: lacunar amnesia or a lack of independent memory for the events of approximately June 10 through June 24, 2005.
>
> As a result of this amnesia, it is reasonable to conclude that an accused may be significantly disadvantaged with regard to recalling, for example, alibi evidence, or exonerating facts which he may have observed or learned about during the period of amnesia which overlaps the time of his alleged offense, but which on account of his temporary injury and permanent amnesia, he is unable forward.

> I am not aware how statute or case law might weigh in on the ability to recollect events as a measure of competence to stand trial, particularly when the amnesia is a product of accidental or unintended injury, as opposed for example to voluntary intoxication.
>
> His ability to understand the charges and court procedure is, in my professional opinion, with reasonable medical certainty, unimpaired.
>
> I am not able to render any opinion as regards his mental state at the time of the offense, due to a lack of information due to his amnesia.

This report has been provided to and reviewed by counsel for the government and counsel for the defendant. On November 27, 2006, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining the mental competency of the defendant to stand trial. At this hearing, the parties agreed that the testimony of Dr. John H. Wisner, who conducted a mental evaluation of the defendant, would be the same as the information contained in his Report of November 2, 2006. As a result, the Report of Dr. Wisner was accepted into evidence. No other evidence was received in the record.

Title 18 U.S.C. § 4142 provides, in part, that the Court must determine whether a defendant is suffering "from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him *or to assist properly in his defense.*" (emphasis added). In this case, there is no doubt from the Report of Dr. Wisner and from the observations of the defendant by the Court that defendant Douglas is able to understand the nature and consequence of the proceedings against him. Dr. Wisner's Report indicates that defendant Douglas suffered a concussive head injury on June 19, 2005, which resulted in retrograde amnesia (loss of recollection for events hour to days before

2

the injury) and anterograde amnesia (failure to form new recollections after the injury). Dr. Wisner goes on to opine that the worst period of amnesia for defendant Douglas was from June 10, 2005, to June 24, 2005, and that no recovery of recollections of events during that period is anticipated.

This is significant because in the present case, defendant Douglas is charged with being a felon in possession of a firearm on June 16, 2005. Thus, the questions remains whether, as a result of this amnesia, defendant Douglas can assist properly in his defense.

In *Davis v. Wyrick,* 766 F.2d 1197 (8th Cir. 1985) the defendant asserted a defense of not guilty by reason of mental disease or defect due to amnesia. In considering the defendant's petition for habeas corpus relief the Eighth Circuit held at amnesia alone was not a bar to prosecution. *Davis* at 1202. The holding of the Eighth Circuit is in accord with the Second, Third, Fifth, Seventh and Eleventh Circuits, as well. *United States v. Sullivan,* 406 F.2d 180 (2d Cir. 1969); *United States v. Anderson,* 481 F.2d 94, 96 (3rd Cir. 1973); *Holmes v. King,* 709 F.2d 965, 968 (5th Cir. 1983); *United States v. Stevens,* 461 F.2d 317 (7th Cir. 1972); *United States v. Rinchack,* 820 F.2d 1557, 1569 (11th Cir. 1987).

The Seventh Circuit recently had occasion to consider its prior holding in *Stevens* that the presence of amnesia alone was not a bar to prosecution. *United States v. Andrews,* 2006 WL 3512453, __ F.3d __ (7th Cir. December 7, 2006). In *Andrews,* the Seventh Circuit articulated the factors to consider in determining whether amnesia would render a defendant incompetent to assist in his defense:

> Whether the defendant has any ability to participate in his defense;
>
> Whether the amnesia is temporary or permanent;

3

> Whether the crime and the defendant's whereabouts at the time of the crime can be reconstructed without the defendant's testimony;
>
> Whether access to the government's file would aid in preparing the defense; and
>
> The strength of the government's case against the defendant.

*Stevens* at 5.

In this case, defendant Douglas is presently able to understand the charges against him and the process under which he is being prosecuted. Defendant Douglas has demonstrated to the Court, as well as to Dr. Wisner, that he is a very articulate and intelligent man. As such, he has significant ability to participate in his defense, even if he cannot recall all of the circumstances of the alleged crime. Unfortunately, the amnesia from which defendant Douglas suffers appears, in the opinion of Dr. Wisner, to be permanent. The evidence placing defendant Douglas at the scene of the crime, his traffic stop, is uncontested. The government has afforded defendant Douglas and his counsel open access to its file and this access undoubtedly aids in the preparation of his defense. Finally, the government's case against defendant Douglas is strong. At the time of his traffic stop, a loaded Smith and Wesson revolver was found on the right side of the driver's seat. At the time, defendant Douglas was the only occupant of the car.

While defendant Douglas' amnesia presents obstacles which defense counsel must face, under the circumstances, the undersigned is not convinced that it renders the defendant unable to properly assist in his defense. Based on the record before the Court and the findings of Dr. Wisner, it is

4

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that defendant Shannon Douglas is competent to understand the nature and consequence of the proceedings against him and to assist properly in his defense.

Counsel are reminded that each has 10 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

                                                  */s/ JOHN T. MAUGHMER*
                                                     JOHN T. MAUGHMER
                                                  United States Magistrate Judge

Kansas City, Missouri