IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-00159-01-CR-W-NKL |
| | ) | |
| SHANNON DOUGLAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On February 5, 2007, United States Magistrate Judge John T. Maughmer recommended [Doc. # 40] that this Court enter an order finding that Defendant Shannon Douglas ("Douglas") is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceeding against him or assisting in his own defense and that he is competent to stand trial. The parties have filed no objections to the recommendation. After a *de novo* review of the record, the Court is convinced that the recommendation of the Magistrate is correct and should be adopted.

On April 19, 2006, Douglas was charged by Indictment with being a felon in possession of a firearm. On August 25, 2006, Douglas's attorney filed a motion for a determination of Douglas's mental capacity. The Magistrate granted the motion and, pursuant to 18 U.S.C. § 4241(b) directed that defendant undergo a psychiatric evaluation.

1

A hearing was held on November 27, 2006, at which time the parties stipulated to the contents of the report prepared by Dr. John H. Wisner, M.D. Dr. Wisner's report concluded that:

> It is my professional opinion, with reasonable medical certainty, that Shannon L. Douglas does suffer from a limited mental defect: lacunar amnesia or a lack of independent memory for the events of approximately June 10 through June 24, 2005.
>
> As a result of this amnesia, it is reasonable to conclude that an accused may be significantly disadvantaged with regard to recalling, for example, alibi evidence, or exonerating facts which he may have observed or learned about during the period of amnesia which overlaps the time of his alleged offense, but which on account of his temporary injury and permanent amnesia, he is unable to bring forward.
> . . .
> His ability to understand the charges and court procedure is, in my professional opinion, with reasonable medical certainty, unimpaired.

(Report at 4.)

Pursuant to Title 18 U.S.C. § 4142, the Court must determine whether Douglas is suffering "from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense." If Douglas is unable to understand the proceedings or assist in his defense, then he is legally incompetent and may not be tried. *Davis v. Wyrick*, 766 F.2d 1197, 1201 (8th Cir. 1985) ("It is a violation of due process to convict a person while he is legally incompetent." (citation omitted)).

2

Dr. Wisner found that Douglas' ability to understand the charges and court procedures is unimpaired by his amnesia. Douglas presented no evidence to the contrary. Therefore, the Court finds that Douglas is able to understand the nature and consequence of the proceedings against him.

Next, the Court must determine whether Douglas is able to assist properly in his defense. On June 16, 2005, within a few hours of his arrest, Douglas suffered a head injury after being struck by a car. As a result, Douglas has retrograde amnesia (loss of recollection for events hours to days before the injury) and anterograde amnesia (failure to form new recollections after the injury). Douglas's worst period of amnesia is from June 10, 2005, to June 24, 2005. Dr. Wisner does not expect Douglas to recover any memories from that time period. The question is whether Douglas, despite his amnesia, can assist properly in his defense.

In *Davis*, the Eighth Circuit held that "[a]mnesia alone is not a bar to the prosecution of an otherwise competent defendant." *Id*. at 1202. Though the Eighth Circuit has not articulated factors to consider when determining whether amnesia prevents a defendant from assisting in his defense, the Seventh Circuit has. In *United States v. Andrews*, 469 F.3d 1113, 1119 (7th Cir. 2006), the court held that the factors include: (1) whether the defendant has any ability to participate in his defense; (2) whether the amnesia is temporary or permanent; (3) whether the crime and the defendant's whereabouts at the time of the event can be reconstructed without the

defendant's testimony; (4) whether access to the government's file would aid in preparing the defense; and (5) the strength of the government's case against the defendant. *Id*.

In this case, Douglas is not wholly unable to participate in his defense. As evidenced by Dr. Wisner's report, he is able to understand the charges against him and the process under which he is being prosecuted. Douglas's amnesia is permanent, but he concedes that he was the only occupant in the car where the gun was found. For its part, the Government has granted Douglas and his attorney open access to its file, which undoubtedly aids in the preparation of his defense.

To convict Douglas for being a felon in possession of a firearm, the government must prove beyond a reasonable doubt that Douglas is (1) a felon (2) who knowingly possessed a firearm (3) that had been in or affected interstate commerce. *United States v. Johnson*, 2007 WL 313590 *3 (8th Cir. 2007). The government may prove the second element by showing Douglas had actual or constructive possession of the firearm. The government could prove constructive possession by showing that Douglas had dominion over the car where the firearm was found. Alternatively, the government could show that Douglas had control, ownership or dominion over the firearm itself. *Id*. (citation omitted).

The defendant argues that "there is no way for the defense to know certain facts unless those facts are obtained from Mr. Douglas." (Def's Br. at 3.) According to the defendant, these necessary facts include: (1) how the gun got in the car; (2) if Douglas knew there was a gun in the car; (3) if Douglas was the owner of the car; (4) if anyone

4

else had access to the car; and (5) how long Douglas had possession of the car. (Def's Br. at 3.) None of these facts, even if known, are of any significance given that Douglas was the sole occupant in the car where the gun was found.

Under these circumstances, the Court is not convinced that Douglas is unable to properly assist in his defense. After reviewing the entire record, the Court concludes that Douglas is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceeding against him or assisting in his own defense. Therefore, Douglas is competent to stand trial.

Accordingly, it is hereby

ORDERED that the Magistrate's Report and Recommendation [Doc. # 40] is ADOPTED.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: February 16, 2007
Jefferson City, Missouri