# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-00159-01-CR-W-NKL |
| ) | |
| SHANNON DOUGLAS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On July 23, 2007, United States Magistrate Judge John Maughmer recommended [Doc. # 65] that this Court enter an order finding that Defendant Shannon Douglas is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The parties have filed no objections to the recommendation. After a *de novo* review of the record, the Court is convinced that the recommendation of the Magistrate is correct and should be adopted.

In its February 16, 2007 Order the Court held that Douglas was competent to stand trial because he was not suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceeding against him or assisting in his own defense. At issue at that time was whether Douglas' amnesia prevented him from assisting in his own defense.[1] Subsequent to the Court's February 16, 2007 Order, Douglas' counsel, on March 29, 2007, filed a second motion for a

---

[1] On April 19, 2006, Douglas was charged by Indictment with being a felon in possession of a firearm.

1

determination as to whether his client was mentally competent to stand trial. On April 19, 2007, Judge Maughmer granted the motion. Shortly thereafter, Douglas was evaluated by Dr. Jason V. Dana, a licensed clinical psychologist.

On July 20, 2007, Judge Maughmer presided over a hearing to determine whether Douglas is competent to stand trial. At the hearing, counsel for both the Government and Defendant stipulated that the court could consider the contents of Dr. Dana's report as if Dr. Dana had appeared in person and given testimony. Other than Dr. Dana's report, neither the Government nor the Defendant offered any evidence.

Dr. Dana diagnosed Douglas with posttraumatic stress disorder as a result of his vicarious exposure to a "sever[e] home explosion that left his wife severely injured and resulted in the death of his infant daughter." (Dana Report at 7). Dr. Dana concluded that Douglas "is likely to remain emotionally reactive, due to symptoms of PTSD, though there is no indication that present symptomatology negatively impacts his cognitive or interpersonal functioning to a significant degree." (Dana Report at 8). Notwithstanding Douglas' PTSD, Dr. Dana found that Douglas' mental health prognosis is stable. Dr. Dana concluded that Douglas' "ability to understand the legal proceedings and to properly assist his counsel do not appear to be noticeably impaired at this time. A pre-existing amnestic disorder was noted . . . There is no reason to believe that his amnestic condition has changed in the past several months. Therefore, there is no reason to believe that the court's previous ruling on this specific mental defect should be altered at this time." (Dana Report at 8).

Pursuant to Title 18 U.S.C. § 4142, the Court must determine whether Douglas is suffering "from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense." If Douglas is unable to understand the proceedings or assist in his defense, then he is legally incompetent and may not be tried. *Davis v. Wyrick*, 766 F.2d 1197, 1201 (8th Cir. 1985) ("It is a violation of due process to convict a person while he is legally incompetent." (citation omitted)).

The Court finds Dr. Dana's report persuasive and notes that Defendant chose not to submit any evidence contradicting Dr. Dana's findings. After a *de novo* review of the record, the Court finds that Douglas is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceeding against him or assisting in his own defense. Therefore, Douglas is competent to stand trial.

Accordingly, it is hereby

ORDERED that the Magistrate's Report and Recommendation [Doc. # 65] is ADOPTED.

s/   Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 10, 2007  
Jefferson City, Missouri